Filed 10/3/23  P. v. McIntosh CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAVARES LONDELL McINTOSH,<br><br>    Defendant and Appellant. | B327572<br><br>(Los Angeles County Super. Ct. No. KA058124) |

THE COURT:

In 2002, defendant and appellant Tavares Londell McIntosh was convicted of one count of robbery (Pen. Code, § 211)[1] following a guilty plea.  He was initially placed on probation, but, following a violation, he was sentenced to serve two years in state prison.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

On October 24, 2022, defendant filed a section 1170.18 petition requesting that his felony conviction be redesignated a misdemeanor conviction pursuant to Proposition 47.[2] The trial court denied the petition on December 21, 2022, on the ground that defendant's robbery conviction was not eligible for reduction. Defendant filed a timely notice of appeal.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). On July 20, 2023, we notified defendant that he had 30 days within which to personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. We also informed defendant that his appeal could be dismissed if a supplemental brief or letter was not timely filed. Defendant filed a supplemental letter on August 4, 2023.

---

[2] Approved by voters in 2014, "'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' [Citation.]" (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Proposition 47 also added "section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted (*Buycks*).) As relevant here, section 1170.18 "allows those who have already completed their sentences for Proposition 47 eligible felony convictions to petition to have their convictions 'designated as misdemeanors.' (§ 1170.18, subd. (f).)" (*Buycks, supra,* at p. 871.)

Because this appeal is from an order denying postjudgment relief rather than a first appeal of right, we are not required to conduct an independent review of the record for arguable issues. (See *Delgadillo, supra,* 14 Cal.5th at pp. 226–228; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498, 503 (*Serrano*).)  While we would typically evaluate the merits of arguments presented in a supplemental brief or letter (see *Delgadillo, supra,* at p. 232; *Serrano, supra,* at pp. 503–504), here defendant has not set forth any arguments pertaining to the December 21, 2022, order denying his section 1170.18 petition.  Instead, defendant's supplemental letter describes his conduct while incarcerated and how he has changed.  Defendant also attached copies of several laudatory reports authored by prison staff, as well as a copy of a minute order dated February 21, 2023, indicating that the trial court subsequently granted a motion pursuant to section 1203.4, vacated defendant's guilty plea to the robbery count, entered a plea of not guilty, and dismissed the count.

We have been presented with no basis to reverse the trial court's denial of defendant's section 1170.18 petition, which is the only matter that we have jurisdiction to consider in this appeal.  Moreover, robbery (§ 211) is not an offense to which the redesignation procedure under section 1170.18, subdivision (f), applies.  The theft-related offenses that may be designated as misdemeanors under section 1170.18 include, inter alia, shoplifting property valued at $950 or less (§ 459.5, subd. (a)); forgery of a document with a value of $950 or less (§ 473, subd. (b)); petty theft of property valued at $950 or less (§ 490.2, subd. (a)); and receiving stolen property valued at $950 or less (§ 496, subd. (a)).  (§ 1170.18, subd. (a).)  Robbery is not an

eligible offense.  The trial court thus properly denied defendant's petition on that basis.[3]

## DISPOSITION

The order denying defendant's section 1170.18 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

---

[3]    Given our conclusion, we need not address whether the subsequent February 21, 2023, order renders this appeal moot.